IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JIMMY MOORE, 1771243,<br>      Petitioner, | )<br>)<br>) |
| v. | )    No. 3:13-CV-883-K |
| | ) |
| WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Respondent is William Stephens, Director of TDCJ-CID.

**II.  Background**

On February 2, 2012, Petitioner pled guilty pursuant to a plea agreement to assault, family violence, enhanced.  *State of Texas v. Jimmy Ray Moore*, No. 2-11-342 (382nd Dist. Ct., Rockwall County, Tex., Feb. 2, 2012).  Petitioner was sentenced to eight years in prison.  He did file a direct appeal.

On July 18, 2012, Petitioner filed a state petition for writ of habeas corpus.  *Ex parte*

*Moore*, No. 30,405-04. On September 26, 2012, the Texas Court of Criminal Appeals denied the petition without written order.

On January 31, 2013, Petitioner filed this federal petition for habeas relief. Petitioner argues:

(1) he received ineffective assistance of counsel when his counsel failed to advise him of the mandatory supervision consequences of his plea;

(2) his denial of release to mandatory supervision violates the Ex Post Facto Clause;

(3) his guilty plea was involuntary because the terms of his plea agreement were not met; and

(4) the state court's decision to deny relief was unreasonable.

On June 15, 2013, Respondent filed his answer. On September 3, 2013, Petitioner file his reply. The Court finds the petition should be denied.

## III. Discussion

**1. Standard of review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.   Guilty Plea**

Petitioner argues his guilty plea was involuntary. Prisoners challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Prisoners must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

In this case, the records shows Petitioner signed a plea agreement and pled guilty to family violence assault. *Ex parte Moore* at 34. He also signed the written plea admonishments and a judicial confession admitting the charges and stating that he was pleading guilty freely and voluntarily. *Id*. at 35-37. Petitioner has failed to show that his guilty plea was involuntary.

**3.   Ineffective Assistance of Counsel**

   **(A)   Standard**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. at 206 (citing *Hill*, 474 U.S. at 56-58).

### B. Claims

Petitioner argues his counsel was ineffective because counsel failed to advise him that although he would be serving the instant conviction concurrently with a previous twenty-year sentence, the two sentences would have different mandatory supervision dates. Neither the Fifth Circuit nor the Supreme Court, however, has held that a counsel's failure to correctly advise a defendant regarding parole or mandatory supervision amounts to ineffective assistance of counsel. *See Mitchell v. Quarterman*, 285 Fed. Appx. 170, 171 (5th Cir. 2008) (citing *Hill*, 474 U.S. at 54-55 and *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995)).

Petitioner further claims the plea agreement was supposed to ensure that his new sentence would be subject to the mandatory supervision law governing his previous twenty-year sentence. He states the prosecutor originally offered him a six-year plea agreement that included a requirement that he have no contact with the victim, who was his wife. Petitioner objected to the no contact requirement. The parties then agreed to an eight-year sentence that did not contain the no contact requirement. The eight year sentence was ordered to run concurrently with the previous twenty- year sentence. Petitioner contends he informed his counsel and the prosecutor that he would only agree to the eight-year sentence if he remained under the non-discretionary mandatory supervision law applicable to his twenty-year sentence.

Eligibility for mandatory supervised release is governed by the law in effect at the time the holding offense was committed. *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005). For Petitioner's twenty-year sentence, the law provided that if a prisoner was eligible for release to mandatory supervision, he would be automatically released when the actual time served plus accrued good time added up to the maximum term to which he was sentenced. TEX.

CODE CRIM. PROC. art. 48.12 § 8(c) (West 1997). For Petitioner's current sentence, prisoners who are eligible for mandatory supervision may be discretionarily denied release if the Parole Board determines that the inmate's accrued good time credits do not accurately reflect his potential for rehabilitation and that he would endanger the public if released. TEX. GOV'T CODE §§ 508.147 and 508.149 (West 2011).

The discretionary mandatory supervision statute applies to Petitioner's current eight-year plea bargained sentence, and would have applied to the six-year plea bargained sentence, since the law in effect at the time of Petitioner's current offense was the discretionary mandatory supervision law. To the extent that Petitioner argues the discretionary mandatory supervision statute would not have applied to his six-year sentence because the twenty-year sentence was a longer sentence and was hence his "holding conviction," he is incorrect. The Court of Criminal Appeals has clearly stated that a prisoner's "holding" conviction is "the one for which the inmate is serving a sentence." *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009). Both the twenty-year sentence and Petitioner's instant conviction were therefore his holding convictions.

Petitioner points to no evidence in the record showing that the parties agreed to apply the old nondiscretionary supervised release law to Petitioner's new conviction, nor is it clear that such an agreement would have been possible since mandatory supervised release is governed by the law in effect at the time the offense was committed. *Ex parte Thompson*, 173 S.W.3d at 458. Petitioner has failed to show he received constitutionally ineffective assistance of counsel.

4.     **Ex Post Facto**

Petitioner argues Respondent has applied the 2011 mandatory supervision statute

retroactively to his twenty-year sentence in violation of the Ex Post Facto Clause. As discussed above, however, Respondent did not apply the discretionary mandatory supervised release statute to Petitioner's twenty-year sentence. Instead, Respondent applied the discretionary mandatory supervised release statute to Petitioner's current eight-year sentence. Petitioner's Ex Post Facto Claim is without merit.

**5.     Plea Bargain**

Plaintiff claims the terms of his plea agreement were not met because the nondiscretionary mandatory supervision statute that applied to his twenty-year sentence was not applied to his current eight-year sentence. As discussed above, Petitioner has submitted no evidence that such an agreement was ever made. The plain terms of the plea agreement show that Petitioner was sentenced to eight years in prison and that the provision requiring no contact with the victim was deleted from the agreement. *Ex parte Moore* at 34. Plaintiff's claim should be denied.

**6.     Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing

of the denial of a federal right.

Signed this 13th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).